IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | DOCKET NO.: S1-05-CR-191-01 |
| | ) | (DC) |
| Plaintiff, | ) | |
| | ) | NOTICE OF MOTION FOR |
| vs. | ) | NEW TRIAL OR TO CONTINUE |
| | ) | DATE FOR SENTENCING |
| JULIO CESAR LOPEZ-PENA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

To the Honorable Danny Chin, Judge of the United States District Court, and the Office of the United States Attorney:

PLEASE TAKE NOTICE THAT on the 22 day of May, 2008, the defendant, Julio Cesar Lopez-Pena, will move the court to set aside the verdict of guilty in this matter and grant the defendant a new trial or that in the alternative that the court continue the date previously set for sentencing. This motion is being made on the grounds that newly discovered evidence has been provided to

1

defense counsel which if produced at trial would probably produce an acquittal.


Respectfully submitted,


Dated: May 4, 2007                              /s/
                                                _____
                                                EVANS D. PRIESTON, Esq.
                                                Attorney at Law
                                                99-14 63rd Road
                                                Rego Park, NY 11374
                                                Tel: (718) 730-9496

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>JULIO CESAR LOPEZ-PENA, )<br>)<br>Defendant. )<br>_____) | DOCKET NO.: S1-05-CR-191-01<br>(DC)<br><br>AFFIDAVIT IN SUPPORT OF<br>MOTION FOR NEW TRIAL<br>OR TO CONTINUE SENTENCING |

I, EVANS, D. PRIESTON, DECLARE THE FOLLOWING:

1. I am the attorney of record for the defendant, Julio Cesar Lopez-Pena in the above-entitled matter.

2. The defendant was originally charged in a three count indictment with the following violations: Count 1 Conspiracy from September, 2004 to February, 2005, to distribute one kilogram or more of heroin into the United States in violation of 21 USC 859, 960(a) (3) and 960 (b)(1)(A) and conspiracy to import into the United States a kilogram and more of a mixture and substance containing a detectable amount of heroin in

3

violation of 21 USC 812, 952 (a) and 960 (b) (1) (A); Count 2 Conspiracy from September, 2004 to February, 2005, to distribute and possess with the intent to distribute one kilogram or more of heroin in violation of 21 USC 812, 841(a)(1) and 841(b)(1)(A); Count 3 Conspiracy from December 17, 1997 to February, 2005, to distribute five kilograms or more of cocaine intending and knowing the substance would be imported into the United States in violation of 21 USC 959, 960(a) (3) and 960 (b)(1)(B)(ii).

3. On December 5, 2007, the defendant was found guilty only of Count 3 of the indictment.

4. During the trial that took place in this matter evidence was introduced that alleged that the defendant had taken part in three drug related murders in 1996 in Colombia.

5. The defendant contends that he never took part in any of these murders And that at the time that some of thees murders were alleged to have occurred he was in fact residing in the United States in the State of New York.

6. The defendant further contends that from February 1995, up to October 1996, he was living in New York and he was attending school in that state, and he was also incarcerated at one point in time in the State of New York.

7. It was not until the trial was concluded that he was able to obtain the documentary evidence needed to prove this and provide said evidence to defense counsel.

8. He contacted his family and obtained newspaer articles describing the when the murders occurred. He was in New York not Columbia. Defendant has mailed me and, attached collectively as Exhibit A, newspaper articles from Columbia, college attendance records, and identification information supporting his position.

9. I was not informed of this information and could have reasonably beeen apprised of the murders until the days before the trial. Even then, it was not until the testimony of the witnesses did the circumstances of the murder be come apparent.

10. It is reasonable then to assume that had the juror been advised of evidence which proved that he could not have committed the murders that were alleged by the prosecution a judgment of acquittal would have probably resulted.

11. The defense would therefore respectfully request that this court grant its motion and set aside the verdict of guilty that was previously entered in this matter and order that a new trial be held or in the alternative that the time for sentencing in this matter be continued to allow the defense additional time to investigate and obtain the facts and evidence necessary to support and bolster the defendant's position.

I declare under penalty of perjury under the laws of the United States and the

State of New York that the foregoing is both true and correct.

Dated: May 4, 2008

/s/
_____
EVANS D. PRIESTON, Esq.
Attorney at Law
99-14 63rd Road
Rego Park, NY 11374
Tel: (718) 730-9496

## **EXHIBIT A**

## DECLARATION OF ELECTRONIC SERVICE

   Evans D. Prieston, declares under penalty of perjury;

   That deponent is not a party to the action, is over 18 years of age and resides at 99-14 63d Road, Rego Park, New York 11374.

   That on the May 5, 2008 I served a Motion for a New Trial, upon the Court and the Office of the United States Attorney for the Southern District of New York, by filing such documents with the electronic filing system of the United States District Court for the District of New York. Parties may access this filing through the Court's CM/ECF system

             ___/S/_____
                 Evans D. Prieston, Esq.