UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA                :

      - against -                      :

JULIO CESAR LOPEZ-PENA,                 :

              Defendant.        :

- - - - - - - - - - - - - - - - - -x

**MEMORANDUM DECISION**

S1 05 Cr. 191 (DC)
10 Civ. 7381 (DC)

APPEARANCES:    PREET BHARARA, ESQ.
                United States Attorney for the
                Southern District of New York
                     By:  Marc P. Berger, Esq.
                          Assistant United States Attorney
                One Saint Andrew's Plaza
                New York, New York  10007

                JULIO CESAR LOPEZ-PENA
                Defendant Pro Se
                #53076-053
                P.O. Box 1000
                Lewisburg, Pennsylvania  17837

CHIN, Circuit Judge

       Defendant Julio Cesar Lopez-Pena moves pro se pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  Lopez-Pena challenges his conviction on two grounds of ineffective assistance of counsel, arguing that trial and appellate counsel failed to provide effective assistance of counsel, in violation of the Sixth Amendment.  Lopez-Pena also moves for discovery and an evidentiary hearing, pursuant to Rules

6(a) and 8 of the Rules Governing § 2255 Proceedings. For the reasons set forth below, Lopez-Pena's motions are denied.

## BACKGROUND

I assume familiarity with the facts of the case and restate them here only briefly. See United States v. Lopez-Pena, No. 05-cr-191, 2008 WL 2169657 (S.D.N.Y. May 23, 2008); see also United States v. Sanpedro, 352 F. App'x 482 (2d Cir. 2009), cert. denied sub nom. Lopez-Pena v. United States, 130 S. Ct. 1921 (2010). In short, Lopez-Pena was a top lieutenant in the Norte Valle cartel, a massive illegal narcotics organization operating out of Colombia in the 1990s and continuing at least until 2005. After a jury trial, Lopez-Pena was convicted on December 5, 2007, of conspiracy to distribute five kilograms or more of cocaine intending and knowing that it would be imported into the United States, in violation of 21 U.S.C. §§ 959, 960(a)(3), and 960(b)(1)(B)(ii). On May 23, 2008, I denied Lopez-Pena's motion to set aside the verdict and for a new trial. See Lopez-Pena, 2008 WL 2169657, at *3-4. On June 3, 2008, I sentenced Lopez-Pena to imprisonment for 45 years. The Second Circuit affirmed his conviction and sentence on November 5, 2009. See Sanpedro, 352 F. App'x at 485-86. The Supreme Court denied certiorari on March 22, 2010.

On September 9, 2010, Lopez-Pena filed the instant motions.[1] He argues that trial counsel's failure to investigate the murders introduced at trial and to make certain arguments and appellate counsel's failure to argue certain aspects of the Rule of Speciality constituted ineffective assistance of counsel.[2]

## DISCUSSION

### A. Applicable Law

To prove ineffective assistance of counsel, Lopez-Pena must show that (1) his counsel's performance fell below an objective standard of reasonableness under prevailing professional norms, and (2) he was prejudiced by counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 686-88 (1984); see also Harrington v. Richter, 131 S. Ct. 770, 787 (2011). Prejudice is demonstrated by "a reasonable

---

[1] References are as follows: "Tr." to the trial transcript; "Sen. Tr." to the sentencing transcript; "Def.'s Supp. Mem." to Lopez-Pena's memorandum of law in support of the instant motion, "Def.'s Mot." to Lopez-Pena's motion to vacate his sentence, incorporating Court Form AO-243; "Gov't's Opp'n Mem." to the government's memorandum in opposition to Lopez-Pena's motion, and "Def.'s Reply" to Lopez-Pena's traverse papers that I agreed to treat as his reply.

[2] On direct appeal, Lopez-Pena unsuccessfully challenged his sentence, also under the Rule of Speciality, arguing that it was tantamount to a life sentence. Sanpedro, 352 F. App'x at 485-86.

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694; see also United States v. Caracappa, 614 F.3d 30, 46 (2d Cir. 2010). When applying the Strickland test, "judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "[A]ctions or omissions that 'might be considered sound trial strategy' do not constitute ineffective assistance." United States v. Berkovich, 168 F.3d 64, 67 (2d Cir. 1999) (quoting Strickland, 466 U.S. at 689).

Counsel's duty to investigate is satisfied by making "reasonable investigations" or "a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. "[A] particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id.

Although the Strickland test originated for the purpose of evaluating a claim of ineffective assistance of trial counsel, it has been extended to apply to appellate counsel as well. See McKee v. United States, 167 F.3d 103, 106 (2d Cir. 1999). Appellate counsel is not required to raise all non-frivolous

arguments. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994). "[I]ndeed, the weeding out of weaker issues is widely recognized as one of the hallmarks of effective appellate advocacy." Miller v. Keeney, 882 F.2d 1428, 1434 (9th Cir. 1989). Consequently, it is not sufficient to demonstrate that counsel omitted a non-frivolous argument. Mayo, 13 F.3d at 533. Failure to raise an argument on appeal constitutes ineffective assistance only when the omitted issue is "clearly stronger" and more significant than those presented. Id. (quoting Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1985)). A defendant shows that prejudice resulted from appellate counsel's performance by establishing a reasonable probability that the omitted "claim would have been successful before the [appellate court]." Claudio v. Scully, 982 F.2d 798, 803 (2d Cir. 1992).

**B.   Application**

Preliminarily, I note that Lopez-Pena was represented at trial and on appeal by capable and experienced counsel. Evans D. Prieston represented him throughout the trial court proceedings. Prieston filed pre- and post-trial motions, including a motion to suppress, cross-examined the government's witnesses, and delivered a lengthy jury argument. Having presided over the trial and the sentencing proceedings, I have

first-hand knowledge of counsel's spirited and competent defense of Lopez-Pena.

Brian D. Waller represented Lopez-Pena on appeal and raised three issues. It is difficult to conclude that the arguments he did not raise on appeal were "clearly stronger" and more significant than the issues he did raise.

### 1. An Evidentiary Hearing Is Unnecessary

The Court is able to resolve Lopez-Pena's factual assertions without a hearing. See Puglisi v. United States, 586 F.3d 209, 212-18 (2d Cir. 2009); Chang v. United States, 250 F.3d 79, 84-86 (2d Cir. 2001). "[T]he motion and the files and records of the case conclusively show that" Lopez-Pena "is entitled to no relief." 28 U.S.C. § 2255(b).

### 2. Lopez-Pena Received Effective Assistance of Counsel

#### a. Failure to Investigate the 1996 and 2002 Murders

Lopez-Pena argues that his trial counsel was constitutionally ineffective because he failed to investigate whether, contrary to the testimony of cooperating witness Andres Lopez, the 1996 and 2002 murders were committed by "Luis Calle Serna," rather than Lopez-Pena, and to argue that Lopez-Pena was not involved. (Def.'s Mot. 9-10; Def.'s Supp. Mem. 15-24). As

the government notes, Lopez-Pena appears to claim an alibi defense for the 1996 murders. (Gov't's Opp'n Mem. 19-28). This argument is without merit.

   I do not need to determine whether counsel's performance fell below the objective standard of reasonableness for failing to investigate because even assuming that it did, Lopez-Pena suffered no prejudice as a result. Moreover, counsel in fact made certain arguments that Lopez-Pena contends he failed to make.

   First, even if Lopez-Pena's college attendance records and the border entrance and exit records would have shown what Lopez-Pena claims, taken together, the evidence would not have established an alibi for any of the three 1996 murders. The first murder was committed in May 1996; the second, weeks after the first; the third, months after the second. (Tr. 126-32). Lopez-Pena's passport, which was admitted into evidence at trial, did not demonstrate that Lopez-Pena could not have been in Colombia during these time periods. (Tr. 519). Nor, as I noted in denying Lopez-Pena's new trial motion, did his incarceration in the Eastern District of New York from July 23 to September 30, 1996, on a separate cocaine conspiracy charge, overlap with these periods. Lopez-Pena, 2008 WL 2169657, at *2 n.1. His college

transcript indicates that he stopped attending classes and did not receive a grade for the 1996 summer semester. Id. at *4. Even if the dates of the murders given by the Colombian newspaper articles are correct, Lopez-Pena would not have an alibi. Id.

Second, even if Lopez-Pena had an alibi for all three 1996 murders, he suffered no prejudice because of the overwhelming evidence of his involvement in the charged conspiracy, which included the 2002 murder and the importation of thousands of kilos of cocaine. Id.; (see Sen. Tr. 8). This evidence included intercepted telephone conversations between Lopez-Pena and his co-conspirators, as well as direct evidence of his involvement in several shipments of narcotics.

Finally, as to the 2002 murder, while Lopez-Pena argues that he did not commit the murder (Def.'s Mot. 9), he makes no particularized claim as to how trial counsel was deficient in this respect. Hence, this claim fails as well.

  b. **Failure to Appeal Sentencing Under the Rule of Speciality**

Lopez-Pena argues that his appellate counsel was constitutionally ineffective for failing to argue that he was punished for the murders, ammunition, and cell phones in violation of Rule of Speciality. (Def.'s Mot. 10-11; Def.'s Mem.

25-29; Def.'s Reply 9-11; Sen. Tr. 8). The relevant Rule of Speciality provides that "[a] person extradited under the Treaty shall not be detained, tried, or punished in the territory of the Requesting State for an offense other than that for which extradition has been granted . . . ." Extradition Treaty with the Republic of Colombia, U.S.-Colom., Sept. 14, 1979, S. Treaty Doc. No. 97-8, art. 15(1).[4] This Rule was not violated at Lopez-Pena's sentencing or by the evidence presented at his trial.

First, the Rule has "application in the sentencing context," but only to the extent that a promise regarding sentencing was made during the extradition process. See United States v. Baez, 349 F.3d 90, 92 (2d Cir. 2003) (per curiam). I honored the Colombian government's request by considering only post-December 17, 1997, conduct during sentencing. (Sen. Tr. 6).

Second, the Rule does not regulate the admissibility of evidence and "does not authorize [the courts] to disregard normal evidentiary rules." United States v. Flores, 538 F.2d 939, 944-45 (2d Cir. 1976). Thus, "although prosecution of an earlier offense may be barred, it has long been established that evidence

---

[4] The Second Circuit has not yet decided whether a defendant has standing to challenge his sentence by alleging a violation of an extradition treaty. See United States v. Hertular, 562 F.3d 433, 450 (2d Cir. 2009).

of that offense may nevertheless be introduced to prove a later crime which the government is permitted to prosecute." Id. at 943.  "[B]asic principles of international law . . . preclude an asylum state . . . from delimiting the evidentiary rules of the requisitioning state."  Id.  "[U]nless it is unequivocally clear that [the asylum state] was authorized . . . and intended to limit the manner by which United States prosecutors might try [the] case, [a court is] constrained to follow domestic evidentiary rules."  Id. at 944.  Here, Lopez-Pena was indicted and tried "for the precise offense contained in the foreign extradition order," id., and the Second Circuit has already rejected his evidentiary arguments, see Sanpedro, 352 F. App'x at 485.  Thus, the Rule of Speciality was not violated.

        c.    **Lopez-Pena's Other Claims**

Lopez-Pena raises various other conclusory claims.  (Def.'s Mot. 5-6, 14-17; Def.'s Mem. 30-31).  These are insufficient to warrant relief under 28 U.S.C. § 2255.  See United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987).

## CONCLUSION

For the reasons set forth above, Lopez-Pena has failed to demonstrate any basis for relief under 28 U.S.C. § 2255.  That motion is therefore denied.  Lopez-Pena's motions for discovery

and an evidentiary hearing are denied as well, as he has not established "a plausible claim of ineffective assistance of counsel." See <u>United States v. Tarricone</u>, 996 F.2d 1414, 1418 (2d Cir. 1993) (internal quotation marks omitted). Because Lopez-Pena has not made a substantial showing of the denial of a constitutional right, I decline to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2255 (1996) (as amended by the Antiterrorism and Effective Death Penalty Act). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this decision and order would not be taken in good faith. The Clerk of the Court shall close this case.

**SO ORDERED.**

Dated:   New York, New York
         May 2, 2011

DENNY CHIN
United States Circuit Judge
Sitting by Designation