UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

JULIO CESAR LOPEZ-PENA,              :

              Petitioner,     :

     - against -                    :           **ORDER**

UNITED STATES OF AMERICA,            :           05 Cr. 191 (DC)

              Respondent.     :

- - - - - - - - - - - - - - - - - -x

**CHIN, Circuit Judge:**

        Petitioner Julio Cesar Lopez-Pena, proceeding *pro se*, files the following motion: Petitioner's "Motion to Order Equitable Tolling" in light of *Guerrero-Lasprilla v. Barr*, No. 18-776, and *Rehaif v. United States*, 139 S. Ct. 2191, 2019 WL 2552487, (2019). Doc. No. 126. For the reasons stated below, Lopez-Pena's motion is transferred to the United States Court of Appeals for the Second Circuit.

        Although Lopez-Pena does not clearly state that he is proceeding pursuant to 28 U.S.C. § 2255, he cites § 2255 in the title of the document and he is clearly seeking to vacate, set aside, or correct his sentence. Specifically, Lopez-Pena argues that his offense level was incorrectly enhanced under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1), which provides a two-level enhancement if a defendant possessed a dangerous weapon. Lopez-Pena claims that the § 2D1.1(b)(1) enhancement

should not apply because he is entitled to the right to "bear arms" under the Second Amendment. For the reasons set forth below, the Court transfers this motion to the United States Court of Appeals for the Second Circuit.

Lopez-Pena argues that the logic applied in *Rehaif* should be extended to § 2D1.1(b)(1). In *Rehaif*, the Supreme Court held that "under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2200. Lopez-Pena argues that under *Rehaif*, the government was required to prove that Lopez-Pena knew he was unlawfully in the United States, before applying the two-level enhancement under § 2D1.1(b)(1). Lopez also contends that the government failed to prove that he "knew" he would be subjected to a firearm enhancement when he was entitled to the right to "bear arms" under the Second Amendment.

In a Memorandum and Decision filed May 2, 2011, this Court denied Lopez-Pena's first § 2255 motion based on his claim of ineffective assistance of counsel. Doc. No. 78. The Second Circuit dismissed his appeal. *See Lopez-Pena v. United States*, No. 11-2818-pr (2d Cir. Nov. 15, 2011). Accordingly, the instant motion is a successive motion pursuant to § 2255. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998)

("Generally, a § 2255 petition is 'second or successive' if a prior § 2255 petition, raising claims regarding the same conviction or sentence, has been decided on the merits. This remains true even if the latter petition purports to raise new claims." (citation omitted)).[1]

Before Lopez-Pena may file a successive § 2255 motion, the Second Circuit must authorize it. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Corrao*, 152 F.3d at 191 (requiring district court to transfer successive petition to Second Circuit). Lopez-Pena must therefore move in the Second Circuit for permission to pursue this § 2255 motion. In doing so, Lopez-Pena must demonstrate that his motion is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h).

## CONCLUSION

In the interest of justice, the Court transfers the motion to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United*

---

[1] The Court also notes that Lopez-Pena filed a § 2255 motion on April 11, 2014. Doc. No. 85. That motion was transferred to the Second Circuit by the Court's August 5, 2014 Order because it was also a successive petition for a writ of habeas corpus. Doc. No. 90. The Second Circuit denied Lopez-Pena's motion in 2014. *Lopez-Pena v. United States*, No. 14-2844 (2d Cir. Dec. 3, 2014), *cert denied sub nom. In re Lopez-Pena*, 135 S. Ct. 1018 (2015).

Lopez-Pena filed another § 2255 motion on June 6, 2019. Doc. No. 119. That motion was transferred to the Second Circuit by the Court's October 15, 2019 Order because it was also a successive petition for a writ of habeas corpus. Doc. No. 124. The Second Circuit denied Lopez-Pena's motion in 2020. *Lopez-Pena v. United States*, No. 19-3616 (2d Cir. Jan. 23, 2020).

*States*, 95 F.3d 119, 122-23 (2d Cir. 1996). As the motion makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). In addition, I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal taken from this order would not be taken in good faith.

The Clerk of the Court is directed to mail a copy of this order to Lopez-Pena and the Government.

**SO ORDERED.**

Dated:  New York, New York
        April 10, 2020

                                        _s/Denny Chin_____
                                        DENNY CHIN
                                        United States Circuit Judge
                                        Sitting by Designation

By Mail: David Zhou, Esq.
         Assistant U.S. Attorney
         U.S. Attorney's Office, SDNY
         One St. Andrew's Plaza
         New York, NY 10007

         Mr. Julio Cesar Lopez-Pena
         53076-053
         FCI Allenwood
         PO Box 2000
         White Deer, PA 17887