```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

JULIO CESAR LOPEZ-PENA,              :

                  Petitioner,        :

         - against -                 :        ORDER

UNITED STATES OF AMERICA,            :        05 Cr. 191 (DC)

                  Respondent.        :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge:**

        Petitioner Julio Cesar Lopez-Pena, proceeding *pro se*, moves for appointment of counsel to assist him in preparing a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) due to the ongoing COVID-19 pandemic.  Doc. No. 129.  Lopez-Pena is 59 years old and is serving his sentence at FCI Allenwood.  For the reasons stated below, Lopez-Pena's motion is denied.

        With respect to post-conviction proceedings, the Criminal Justice Act ("CJA") provides that a district court may appoint counsel "for any financially eligible person" when "the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(B); *accord Jerez v. Bell*, No. 19 Civ. 2385, 2019 WL 1466899, at *4 (S.D.N.Y. Apr. 2, 2019).  In deciding whether to exercise discretion to appoint counsel, courts in the Second Circuit "consider the same factors as those applicable to requests

for *pro bono* counsel made by civil litigants," including "the likelihood of success on the merits, the complexity of the legal issues and the movant's ability to investigate and present the case." *Jerez*, 2019 WL 1466899, at *4 (emphasis in original) (citing *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 171-72 (2d Cir. 1989)).

Considering these factors, the Motion is denied at this time because Lopez-Pena has failed to make any particularized showing as to the "extraordinary and compelling" reasons warranting his early release from prison.  *See* 18 U.S.C. § 3582.  Instead, Lopez-Pena generally asserts, without detail, that his "prison setting" is a "brush fire" due to an influenza outbreak in January 2020 and the shared H-Vac system.  Mot. at 2.  In the absence of any specific allegations as to Lopez-Pena's particular circumstances, these conclusory statements about general prison conditions are insufficient to demonstrate whether his compassionate release motion has any merit or likelihood of success.

Courts have no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969).  Rather, "the initial burden of presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls

or the prison system." *Id.* As it is not possible at this juncture to determine whether his motion is likely to be of substance, Lopez-Pena's motion for appointment of counsel is denied at this time, without prejudice to the filing of another application for appointment of counsel based on specific allegations showing that Lopez-Pena is entitled to compassionate release.

## CONCLUSION

For the reasons set forth above, Lopez-Pena's application for appointment of counsel is denied without prejudice to refiling an application with specific allegations showing he is entitled to compassionate release.

The Clerk of the Court is directed to mail a copy of this order to Lopez-Pena and the Government.

**SO ORDERED.**

Dated:   New York, New York
         August 3, 2020

                                    _/s/Denny Chin_____
                                    DENNY CHIN
                                    United States Circuit Judge
                                    Sitting by Designation

-4-

By Mail:   David Zhou, Esq.
           Assistant U.S. Attorney
           U.S. Attorney's Office, SDNY
           One St. Andrew's Plaza
           New York, NY 10007

           Mr. Julio Cesar Lopez-Pena
           53076-053
           FCI Allenwood
           PO Box 2000
           White Deer, PA 17887