```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA          :
                                             ORDER
        - against -                :
                                             05 Cr. 00191-1(DC)
JULIO CESAR LOPEZ PENA,            :

                Defendant.         :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge**:

By letter dated August 19, 2020, defendant Julio Cesar Lopez Pena moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  The Government opposes the motion.

Where a defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may "reduce [his] term of imprisonment . . . after considering the factors set forth in section 3553(a)" if "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

The Government does not dispute that Pena has exhausted his administrative remedies.  D. Ct. Dkt. No. 137.  It also does not dispute that, "at a minimum," Pena's Type-2 Diabetes "constitutes an 'extraordinary and compelling' reason"

for granting relief because it "places him at an increased risk of contracting COVID-19."  D. Ct. Dkt. No. 137.  Nonetheless, the Government argues that the factors set forth in section 3553(a) "weigh heavily against the defendant's early release."  D. Ct. Dkt. No. 137.

The section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" and (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," deter future criminal conduct, and "protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(1)-(2).

In sentencing Pena in 2008, I stated that "a sentence of life imprisonment would be wholly appropriate" for Pena's offense -- conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 963 -- because of "the quantity of drugs involved, . . . the use of violence," and "the use of weapons."  D. Ct. Dkt. No. 70.  As to Pena's history and characteristics, I concluded that "the government showed" he "was a high-ranking member of the Norte Valle cartel," "[t]here was evidence of his involvement in three murders in 1996," and "[t]here was evidence . . . of [his] efforts to corrupt the police in Colombia."  D. Ct. Dkt. No. 70.  Taking all of this into account, I noted that I was inclined to "impose a sentence of life imprisonment."  D. Ct. Dkt. No. 70.  Because of an

extradition treaty with Colombia, however, I sentenced Pena to 540 months of imprisonment and 5 years of supervised release. D. Ct. Dkt. No. 71.

Granting Pena's motion would mean reducing his sentence by over 30 years. In light of the seriousness of his offense conduct, I find that such a sentence reduction would undermine respect for the law and the need for a just sentence, and the sentence I imposed would lose much of its deterrent effect. Further, I am not persuaded that Pena no longer presents a threat to the public.

Accordingly, Pena's motion is DENIED.

SO ORDERED.

Dated:   New York, New York
         November 3, 2020

                                    s/Denny Chin
                                    DENNY CHIN
                                    United States Circuit Judge
                                    Sitting By Designation