```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA             :
                                          ORDER
        - against -                  :
                                          05 Cr. 00191-1(DC)
JULIO CESAR LOPEZ PENA,              :

                 Defendant.          :

- - - - - - - - - - - - - - - - - -x
```

**CHIN, Circuit Judge:**

       Defendant Julio Cesar Lopez-Pena, proceeding *pro se*, moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. No. 148. This is Lopez-Pena's second motion for compassionate release. I denied the first motion, *see Lopez-Pena v. United States*, No. 05 Cr. 191 (DC), 2020 WL 4450892 (S.D.N.Y. Aug. 3, 2020), and the Second Circuit affirmed. *Lopez-Pena v. United States*, No. 20-4056-cr, 2022 WL 2057581 (2d Cir. June 8, 2022) (summary order). The present motion is denied as well.

       Where a defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," a court may "reduce [his] term of imprisonment . . . after considering the factors set forth in section 3553(a)" if "extraordinary and compelling reasons warrant such a reduction" and "such a

reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Lopez-Pena alleges that he has exhausted his administrative remedies, Dkt. No. 148 at 1, and I accept his representation. Although he does not address his present medical situation, I assume, as I previously held (albeit in the context of the circumstances presented by the COVID pandemic), that his Type-2 Diabetes "constitutes an 'extraordinary and compelling' reason" for granting relief because it "places him at an increased risk of contracting COVID-19." Dkt. No. 137 at 3. Nonetheless, I continue to conclude that Lopez-Pena has not shown a basis for compassionate release.

First, in his current motion, Lopez-Pena does not argue that his circumstances have changed in any relevant way since his prior motion for compassionate release. Indeed, the health concerns presented by the pandemic have abated to some extent. Instead, Lopez-Pena presents legal challenges to his conviction and sentence, arguing that he "is actually and factually innocent" of the use of a gun that resulted in a sentencing enhancement and arguing an *Apprendi* violation with respect to the quantity of drugs for which he was held responsible. Dkt. 148 at 2-3. Lopez-Pena's conviction and sentence, however, were affirmed on direct appeal. *See United States v. Sanpedro*, Nos. 08-1066, 08-2820-cr, 352 Fed. App'x 482

(2d Cir. 2009); see also *United States v. Lopez-Pena*, No. 05 Cr. 191, 10 Civ. 7381, 2011 WL 1676286 (S.D.N.Y. May 2, 2011) (denying § 2255 motion to vacate, set aside, or correct sentence). In light of the discussion of the statutory factors below, these legal arguments do not now provide a basis for compassionate release.

Second, I continue to believe that the factors set forth in section 3553(a) weigh heavily against Lopez-Pena's early release. The section 3553(a) factors include: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; and (2) "the need for the sentence imposed" to "reflect the seriousness of the offense," deter future criminal conduct, and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1)-(2).

In sentencing Lopez-Pena in 2008, I stated that "a sentence of life imprisonment would be wholly appropriate" for Lopez-Pena's offense -- conspiracy to import cocaine into the United States in violation of 21 U.S.C. § 963 -- because of "the quantity of drugs involved, . . . the use of violence," and "the use of weapons." Dkt. No. 70 at 6. As to Lopez-Pena's history and characteristics, I concluded that "the government showed" he "was a high-ranking member of the Norte Valle cartel," "[t]here was evidence of his involvement in three murders in 1996," and "[t]here was evidence . . . of [his] efforts to corrupt the

police in Colombia." *Id.* In light of these circumstances, I noted that I was inclined to "impose a sentence of life imprisonment." *Id.* Because of an extradition treaty with Colombia, however, I sentenced Pena to 540 months of imprisonment and 5 years of supervised release. Dkt. No. 71 at 1-3. The Second Circuit affirmed the sentence on December 8, 2009. *United States v. Sanpedro*, 352 F. App'x 482 (2d Cir. 2009).

In view of the seriousness of Lopez-Pena's offense conduct and the other statutory factors, I find that a sentence reduction would undermine respect for the law and the need for a just sentence, and the sentence I imposed would lose much of its deterrent effect. Further, I am not persuaded that Lopez-Pena no longer presents a threat to the public.

Accordingly, Pena's motion is DENIED.

SO ORDERED.

Dated:   New York, New York
         November 17, 2023

                                                      _____
                                                      DENNY CHIN
                                                      United States Circuit Judge
                                                      Sitting By Designation